*See extra folder for exhibits.*



# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

**GERALD C. MANN**
ATTORNEY GENERAL

March 29, 1939

Hon. Bert Ford, Administrator
Liquor Control Board
Austin, Texas

Dear Sir:

> Opinion No. O-450
> Re: Are companies organized under
> Chapter 19 of the Insurance Laws
> qualified to write the bonds re-
> quired under the Liquor Control
> Act? Is there any limitation on
> the "Lawyers Lloyds of Texas" as
> to the amount of bonds they could
> write for Texas Liquor Control
> Board?

Your request for an opinion on the above stat-
ed questions has been received by this Department.

Section 16, Article 1 of the Texas Liquor
Control Act reads as follows:

> "All bonds required by this Act shall be
> executed by a surety company duly authorized
> and qualified to do business in this State.
> The Board shall not cancel any surety bond
> until said surety company shall have paid and
> discharged in full all of its liability upon
> said bond to the State to the date of said
> cancellation. The holders of all permits, ex-
> cept carriers and wine and beer retailers, shall
> be required to make bonds in sums of not less
> than One Thousand Dollars ($1,000) and not ex-
> ceeding Twenty-Five Thousand Dollars ($25,000).
>
> "The Board in its discretion may fix the
> amount of bond which shall be required for each
> class of permittees. All bonds required of per-
> mittees shall be payable to the State of Texas

conditioned that so long as the applicant holds such permit unrevoked he will not violate any of the laws of this State relative to the traffic in, transportation, sale, or delivery of liquor or any of the valid rules, or regulations of the Board, and in the case of such permittees as are required to account for taxes and fees that such permittees will account for any pay all permit fees and taxes levied by this Act. All bonds required of permittees shall be payable in Travis County, Texas. In all instances where other permits are required, incidental to the operation of a business for which a basic permit is procured, the Board may in its discretion accept one bond to support all such permits and in such amounts as it may require."

Article 5015, Revised Civil Statutes, provides among other things:

"(c) The kinds of insurance to be affected, which kinds of insurance may be as follows:

1. Fire insurance, which term shall be construed to include tornado, hail, crop and floater insurance.

2. Automobile insurance, which term shall be construed to include fire, theft, transportation, property damage, collision liability and tornado insurance.

3. Liability insurance.

4. Marine insurance.

5. Accident and health insurance.

6. Burglary and plate glass insurance.

7. Fidelity and surety bonds insurance.

8. Any other kinds of insurance not above specified, the making of which is not otherwise unlawful in this State, except life insurance."

Article 5017a, Revised Civil Statutes, reads as follows:

"The underwriters at a Lloyd's shall not assume nor write insurance obligations in Texas nor for citizens of Texas, nor covering property located in Texas which produce a net premium income in excess of ten times the net assets of such underwriters, and if at any time the liabilities assumed upon such insurance shall produce a net premium income greater than ten times such net assets then no further insurance obligation shall be assumed until the net assets have been increased so as to admit of additional insurance obligations which will produce a premium income not greater than ten times such net asset; provided that when the net assets at a Lloyd's shall equal the sum of money which will be required of a stock insurance company doing the same characters of business in Texas, then his limitations upon the volume of business to be written shall not apply further; provided further that if in the judgment and discretion of the Board of Insurance Commissioners such underwriters (at) a Lloyd's shall have effected reinsurance, or other contracts, with responsible and solvent insurance carriers reducing the net lines at risk carried by such underwriters at a Lloyd's so that their operations are safe and their solvency not in danger, then such Board may renew or extend the licenses of such underwriters, irrespective of this limitation."

Article 5017a, supra, limits the amount of insurance obligations that an underwriter of a Lloyd's shall assume a right in Texas for citizens of Texas or covering property located in Texas which produce a net premium income in excess of ten times the net assets of such underwriters. This statute, by its language or terms, does not limit the amount of bonds that such underwriters may write nor does it imply such limitations by its provisions. However, under this statute such underwriters have the right to reinsure with responsible and solvent insurance carriers, reducing the net lines at risk carried by such underwriters

so that their operations are safe and their solvency
not in danger; provided, that if in the judgment and
discretion of the Board of Insurance Commissioners such
reinsurance is necessary.  As this applies to insur-
ance obligations we cannot construe this statute as
applying to bonds that such underwriters may write
which are required by Section 16, Article 1 of the
Texas Liquor Control Act.

        You are respectfully advised that it is the
opinion of this Department that companies organized
under Chapter 19 of the Insurance Laws of Texas are
qualified to write bonds required under the Liquor
Control Act and that there is no limitation on the
"Lawyers Lloyds of Texas" as to the amount of bonds
they can write for the Texas Liquor Control Board.

        Trusting that the foregoing answers your in-
quiry, we remain

                              Very truly yours

                              ATTORNEY GENERAL OF TEXAS

                              By Ardell Williams
                                 Ardell Williams
                                      Assistant

AW:AW

APPROVED:

FIRST ASSISTANT ATTORNEY GENERAL